IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:15-cv-00592-FL

| | |
|---|---|
| VEOLIA WATER SOLUTIONS & TECHNOLOGIES SUPPORT, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| WESTECH ENGINEERING, INC., | ) ) |
| Defendant. | ) |

CONSENT PROTECTIVE ORDER

THIS CAUSE came on to be heard upon the joint motion of Plaintiff Veolia Water Solutions & Technologies Support ("Plaintiff"), and Defendant WesTech Engineering, Inc. ("Defendant"); and it appearing to the Court that discovery and the trial in this action may involve the production and disclosure of confidential, proprietary, or sensitive information requiring protection against unrestricted disclosure or use;

THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery in this action:

1. Certain information and documents to be produced by Plaintiff and Defendant during discovery in this litigation may contain trade secrets or other proprietary, confidential research, development, or commercial information that should be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Consent Protective Order ("this

Order") shall include, without limitation, all documents or information whether in hard copy or electronic form designated in accordance with the terms of this Order and supplied in response to the demands or requests of either party, formal or informal, regardless of whether said information and documents are produced or disclosed by a party or by any affiliated person or entity, or formerly affiliated person or entity.

**"CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" DESIGNATIONS**

3. All information and documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Order and disclosed in discovery in this action shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose.

4. "Discovery Material" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this action. Any party may, in good faith, designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Discovery Material designated "CONFIDENTIAL" shall contain proprietary information, whether personal or business-related. Certain limited types of "CONFIDENTIAL" information may be alternatively designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL." The "HIGHLY CONFIDENTIAL" designation shall be reserved for confidential information that constitutes, reflects, or concerns trade secrets, product design and development information, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations of Discovery

Material. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, as used in this Order, shall refer to any information so designated.

5. All information designated "CONFIDENTIAL" shall be maintained in confidence by the parties to whom such information and documents are produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

(a) The Court (including court reporters, stenographic reporters and videographers, and court personnel);

(b) Subject to the terms of paragraph 16 below, the attorneys of record, their partners, employees, ESI (electronically-stored information) production contractors, and photocopying contractors (collectively hereafter referred to as "Outside Counsel");

(c) Officers or employees of Plaintiff and its affiliated companies, to include Kruger, Inc. and Hydrotech, Inc. in this action, and officers and employees of Defendant and Nordic Water Products AB; provided, that such officers or employees shall receive such "CONFIDENTIAL" information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes;

(d) Subject to the terms of paragraph 16 below, experts and their staff and trial graphics personnel and their staff retained by Outside Counsel in this litigation;

(e) Mock jurors and focus group members selected by trial consultants, jury consultants and attorneys of record in preparation for trial, provided that no documents or physical things embodying confidential information of another party shall be left in the possession of any such person; and

6. Prior to the disclosure of confidential information to any person identified in paragraphs 5(d) and (e), such person shall comply with the requirements of paragraph 16.

7. Information which shall be presumptively HIGHLY CONFIDENTIAL includes information concerning previously non-publicly known future product designs, future business plans, unpublished pending patent applications; the identities and addresses of a company's customers; pricing, cost, profit, and bid information; and other HIGHLY CONFIDENTIAL commercial information. All information designated as "HIGHLY CONFIDENTIAL" shall be maintained in confidence for use by Outside Counsel of the parties, shall be used solely for the purposes of this litigation, shall not be disclosed to officers, employees, attorneys, or agents of the parties, and shall not be disclosed to any other person except those specifically listed in subparagraphs (a), (b), (d), (e) and (f) of paragraph 5 above. Provided, however, the parties may disclose HIGHLY CONFIDENTIAL documents and information to any other person as to whom the producing party agrees in writing prior to such disclosure.

8. A producing party may designate certain confidential information and documents that contain confidential information relating to rotary disc filters that the receiving party could use in the drafting or prosecution of patent applications as HIGHLY CONFIDENTIAL – PROSECUTION BAR, and such designation is limited to confidential unpublished patent applications relating to disc filter technology, formal invention disclosures by or for WesTech and Nordic Water relating to disc filters, documents that show or describe confidential proprietary disc filter designs that are not in the public domain but which have not been the subject of a sale or offer to sell in the

4

United States, and documents that describe or refer to disc filter patents or disc filter patent applications owned by WesTech or Nordic Water.. Documents so designated may not be seen by counsel or anyone else working for the non-producing party who may participate in the prosecution, drafting or amending of patent claims for the non-producing party related to the subject matter of the documents. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting or maintaining the scope of the patent claims. To avoid any doubt, "prosecution" as used in this paragraph includes representing a party challenging a patent before a foreign or domestic patent office (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, opposition, or nullity or revocation proceeding). This prosecution bar shall begin when access to HIGHLY CONFIDENTIAL – PROSECUTION BAR information and documents are first received by the receiving party and shall end two (2) years after final termination of this action, including appeals. As used hereinafter, the designation HIGHLY CONFIDENTIAL shall include HIGHLY CONFIDENTIAL – PROSECUTION BAR.

**CHALLENGES TO DESIGNATIONS**

9. Nothing in the Order shall be taken as assent by a non-producing party that designated information or documents are in fact "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. If counsel for the non-producing party believes that a confidentiality designation is not appropriate or justified, counsel for the non-producing party will notify counsel for the producing party of its belief that the information or documents should not be so designated or should be disclosable to persons other than those allowed by this

order.  A party shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If the parties do not reach agreement on the correct designation of the information or documents within twenty (20) business days of service of a challenge, the non-producing party may file a motion with the Court setting forth the non-producing party's reasons as to why the designation should be changed.  Unless and until the Court issues a ruling that the information or documents may be disclosed to persons other than those authorized by this Order, the contested designation shall remain in place and treated consistently with the terms of this Order.

10.     Nothing in this Order shall preclude any party from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

**DESIGNATION AND MAINTENANCE**

11.     No designation of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be effective unless there is placed or affixed on such document a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" notice or the equivalent.  Where practicable, such notice shall be placed near the Bates number.  In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium and its protective cover, if any. Testimony given at a deposition or hearing may

be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the provisions of Paragraph 20 of this Order. Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this Order.

12. Failure of counsel to designate and/or mark any document, thing, or testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL as provided above shall not preclude the disclosing party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents and things so designated. After such designation, such documents and things shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation. The receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

13. All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or documents shall be maintained under the control of Outside Counsel, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

14. Before filing any information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information or documents so designated about how it should be filed. If the party that produced the information or documents so designated desires that the materials be filed under seal, then the filing party shall file the

7
Case 5:15-cv-00592-FL   Document 49   Filed 05/12/16   Page 7 of 19

materials in accordance with Local Rule 79.2(e), with notice served upon the producing party. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information or documents. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of

public access which may attach to the information or documents. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information or documents be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

## THIRD-PARTY INFORMATION AND DOCUMENTS

15. Information or documents produced by non-parties during the course of this action may be designated under this Order by such non-party or by a party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by following the procedures set forth herein or may be deemed so confidential as not to be disclosed under any circumstances. Information or documents so designated and produced by third parties shall thereafter be treated by the parties in the same manner as if produced with such designation by a party. A producing non-party shall have all the rights of a producing party with respect to protection of information or documents under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

## DISCLOSURE TO THIRD PARTIES, EXPERTS AND CONSULTANTS

16. Prior to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or documents to any third parties, to include persons employed to act as outside consultants or experts, translators, interpreters in this action, or corporate representatives, subject to paragraphs (b-f) below, counsel for the party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as Exhibit A, the original of which

shall be promptly provided to opposing counsel and a copy thereof served on all other counsel. In addition, counsel for the party seeking disclosure shall comply with the following:

      (a)    Ten days prior to disclosure to any third party, Counsel for the party seeking disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or documents, shall provide, subject to paragraphs (b-f) below, to opposing counsel and to any non-party from which the material originated, if applicable, the name, address, and present employer of such outside consultant or expert, translator or interpreter. Opposing counsel and/or such non-party shall then have a period of ten business (10) days after receipt of such information or documents to challenge the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or documents to such person in this action, by serving a written statement of the challenge upon the party seeking to make such disclosure.

      (b)    Any challenge shall be ruled on by the Court prior to disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or documents.

      (c)    Nothing in this Paragraph shall be deemed to enlarge or restrict the right of any party to conduct discovery of any expert.

      (d)    Nothing in this Order shall be construed as requiring: i) that routine outside suppliers of litigation support services such as photocopying, scanning, or coding execute the attached Nondisclosure Agreement; or ii) that the opposing party utilizing such services must disclose the identity of such service suppliers to the opposing party or counsel.

(e) Nothing in this Order shall be construed as requiring that the identity of graphics preparation and presentation consultants, witness preparation consultants, jury consultants, or trial presentation consultants be disclosed to the opposing party or counsel. However, any party utilizing such services is required to have such proposed service provider conduct a conflict check and execute the attached Nondisclosure Agreement.

17. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or documents that it has produced or disclosed in this litigation.

18. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or documents if the parties to this action and, if applicable, the non-party from which the material originated, consent, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Any party may at any time request the Court, after notice to the opposing party and to the non-party from which the material originated, if applicable, to modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or documents.

19. Nothing herein shall prohibit a party, or its counsel, from disclosing any document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the person the document identifies as an author or recipient of such document, or to any person that evidence shows to have had direct access to the document or information, or have already viewed the document/information or been told of its contents.

## DEPOSITIONS

20. Information disclosed at a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by indicating on the record at the deposition that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and is subject to the provisions of this Order. All such portions of the transcript shall be appropriately marked by the court reporter and shall be treated by the parties as set forth herein. Testimony in a deposition may also be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying the deposing party in writing within twenty-one (21) days of the receipt of the transcript of those pages and lines or those exhibits that are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be. No deposition may be read by anyone other than the deponent, Outside Counsel for the parties, and those qualified to see "HIGHLY CONFIDENTIAL" material under Paragraph 7 during the twenty-one (21) day period following a deposition unless otherwise agreed upon among Outside Counsel for the parties. Upon being informed that certain portions of a deposition transcript disclose either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, each party must cause each copy of the transcript in its custody or control to be marked immediately.

## GENERAL PROVISIONS

21. Violation by any person of any term of this Order or of the Nondisclosure Agreement may be punishable as contempt of court. Any person or entity that produces "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and of the Nondisclosure Agreement and may pursue all remedies available for violation

thereof.  No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law.  Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

22. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing.  The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

23. Subject to the provisions herein, if another Court, administrative agency or any other person subpoenas or orders production of confidential information that a party has obtained under the terms of this Protective Order, such party shall immediately notify the producing party of the pendency of such subpoena or order, shall object to such production on the basis of this Protective Order, and shall use its best efforts to afford the producing party an opportunity to be heard by the Court, administrative agency or other body prior to any disclosure of confidential information.

24. The inadvertent delivery by the disclosing party of documents, transcripts or any other materials to the receiving party, containing information for which a claim of attorney-client privilege or attorney work product protection might have been made by the disclosing party, shall not be considered a waiver of such privilege or protection and

is without prejudice to the right of the disclosing party to claim attorney-client privilege or attorney work product protection for such information and to request that such materials be returned to the disclosing party; provided that the disclosing party makes such a claim and request within thirty (30) days of learning of the inadvertent delivery. Upon receiving such a claim and request from the disclosing party, the receiving party shall promptly return the attorney-client privileged or attorney work product protected materials, shall destroy any copies of such materials that have been made and whether still in its possession or not, purge such materials from its electronic databases, if any, and shall not use the inadvertent delivery of such materials as a basis for claiming a waiver.

25.     In the event of any dispute with respect to whether any particular documents, transcript, or other material so inadvertently delivered is covered by attorney-client privilege or work product protection, the disclosing party must notify counsel for the receiving party in writing of the nature of the dispute, including specifically identifying the material at issue.  The parties shall then confer in good faith as to whether such material is privileged or work product protected.  If the parties are unable to reach agreement, within twenty (20) days after an impasse is reached, the receiving party may file a motion for an appropriate order from the Court and may keep and make such copies of the material in dispute as necessary so that the receiving party may make such motion. Any such motion and the material in dispute shall be filed under seal with the Court.  At any hearing or briefing on issue of whether such material is privileged or work product protected, the disclosing party shall have the burden of establishing whether the material is covered by privilege or work product protection.  In the meantime, the material in

dispute shall be treated as privileged or work product protected until the issue is resolved by the Court or the parties agree to a resolution of the dispute in writing which alters the designation of such privilege or work product protection, and while the dispute is pending all copies of the documents at issue (except for the copies necessary to make a motion with the Court for an appropriate order) shall be returned to the disclosing party or destroyed.

26. Upon the final termination of this litigation, including any appeals, the parties have sixty (60) days within which they may petition the Clerk of Court to return to the party which filed them all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, and documents and things containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, that have been filed under seal with the Court. Any and all originals and copies of Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the producing party, destroyed in that time frame, except that Outside Counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL" information. Upon receipt of any subpoena for such information or documents, the party receiving the subpoena shall immediately notify Outside Counsel for the producing party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the producing party, the other party or its

Outside Counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be. The parties should agree to reasonable extensions of time to complete the return of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and documents, if necessary.

27. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

    (a) Was, is, or becomes public knowledge not in violation of this Order; or

    (b) Was lawfully possessed by the non-designating party prior to the date of this Order.

28. This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order. However, this Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

29. The parties agree to submit this Order for entry by the Court and to be bound by the terms prior to entry by the Court.

This the 11th day of May, 2016.

| | |
|---|---|
| **COATS & BENNETT, PLLC**<br>**Attorneys for Plaintiff** | **THOMPSON HINE LLP**<br>**Attorneys for Defendant** |

By: /s/  Larry L. Coats  
    Larry L. Coats  
    NC State Bar No. 5,547  
    Anthony J. Biller  
    NC State Bar No. 24,117  
    1400 Crescent Green, Suite 300  
    Cary, NC 27518  
    Telephone: (919) 854-1844  
    Facsimile:  (919) 854-2084  
    Email:  lcoats@coatsandbennett.com  
           abiller@coatsandbennett.com

By: /s/ Clifton E. McCann  
    Clifton E. McCann  
    DC Bar No. 377,084  
    David A. Wilson  
    DC Bar No. 430,400  
    1919 M Street, N.W., Suite 700  
    Washington, D.C.  20036-3537  
    Telephone: (202) 263-4159  
    Facsimile: (202) 331-8330  
    Email: cemccann@thompsonhine.com  
          David.Wislon@ThompsonHine.com

**MORNINGSTAR LAW GROUP**  
**Attorneys for Defendant**

By: /s/ W. Swain Wood  
    W. Swain Wood  
    NC State Bar No. 32,037  
    Mr. John T. Kivus  
    NC State Bar No. 42,977  
    1330 St. Mary's Street, Suite 460  
    Raleigh, North Carolina 27605  
    Telephone: (919) 829-7394  
    Facsimile:  (919) 829-7396  
    Email:  swood@morningstarlawgroup.com  
           jkivus@morningstarlawgroup.com

SO ORDERED, this the 12th day of May, 2016.

_(signature: Louise W. Flanagan)_

Judge Louise W. Flanagan  
United States District Court for the  
Eastern District North Carolina

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:15-cv-00592-FL**

| | |
|---|---|
| **VEOLIA WATER SOLUTIONS &** ) | |
| **TECHNOLOGIES SUPPORT,** ) | |
| ) | |
| **Plaintiff,** ) | **NONDISCLOSURE AGREEMENT** |
| ) | **UNDER CONSENT PROTECTIVE** |
| **v.** ) | **ORDER** |
| ) | |
| **WESTECH ENGINEERING, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

The undersigned, having read the Consent Protective Order (the "Protective Order") entered in this action, understands the terms thereof, and intending to be legally bound thereby, agrees as follows:

1. All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2. Such information and documents shall be disclosed to and discussed only with the parties' Outside Counsel and other persons so authorized pursuant to the terms of the Protective Order, who have in accordance with the provisions of the Protective Order executed a similar Nondisclosure Agreement. Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure

Agreement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

4. The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

5. The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated: _____

_____
Signature

_____
Printed Name

_____
_____
Address

_____
Employer(s)